WILLIAM WALLACE et al., Respondents, *v.* FREDERICK D. BLAKE et al., Appellants.

In an action to recover the purchase-price of certain goods, the answer was a general denial. The evidence upon the trial showed conclusively the sale, delivery and acceptance of the goods. Defendants sought to show that after delivery defendants complained of the quality of the goods, and it was thereupon agreed that they should be considered as having received them as consignees to sell for and on account of plaintiffs; this was excluded. *Held*, no error; that it was an affirmative defense which might not be proved under a general denial.
Reported below, 24 J. & S. 519.

(Argued October 9, 1891; decided October 27, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made at the March term, 1890, which affirmed a judgment in favor of plaintiffs entered upon a verdict directed by the court, and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

" The complaint alleged that in the month of March, 1886, the plaintiffs sold and delivered to the defendants several large quantities of worsted yarn at the prices stated, and judgment is demanded for the balance of the purchase-price unpaid. The only answer to these allegations are denials. The defendants also set up in their answer a counter-claim growing out of transactions with the plaintiffs prior to those mentioned in the complaint. Upon the trial no attempt was made by the defendants to prove their counter-claim, and under their answer the only defense left to them was the right to dispute the sale and delivery to them of the yarn. The sale and delivery were proved beyond question. The evidence was undisputed that they purchased the yarn, and that they received it and disposed of it. They attempted to show that after the sale and delivery of the yarn to them they complained to the plaintiffs of the quality thereof, and that then it was arranged that they should be considered as having received the yarn as consignees, and that they were to sell it for and on account of the plaintiffs. This defense the trial judge excluded on the ground that it was not pleaded. It was an affirmative defense which,

according to elementary rules of pleading, could not be shown under the denials in the answer.

"The defendants claim that they had the right to prove under their denials that they had not accepted the yarn. But the uncontradicted evidence shows that the yarn was purchased by them of the plaintiffs' manufacturers in England; that it was shipped to them as purchasers from England, and was taken, received and disposed of by them, and all this shows a legal acceptance of it by them. Their claim, however, is that after the yarn was delivered to them it was arranged that they should hold and sell it as consignees, and that thus they rejected it as purchasers. But they had no right to assert this claim under their answer.

"To the defendants' claim that after they had purchased the yarn, and it had come into their possession and control as the purchasers, they rejected it because of its inferior quality, the answer again is that no such defense is alleged, and that there is no allegation in the answer that this yarn was in any respect inferior or defective.

"The reply to this answer contains no allegations or admissions which can cure the defective answer or enlarge its scope.

"The judgment should be affirmed, with costs."

*W. C. Beecher* for appellants.

*Carlisle Norwood, Jr.,* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed. _____