MEYER ALPERT vs. ROBERT C. BRIGHT.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action for goods sold, the defendant, under a general denial, may
show that he simply acted as the plaintiff's agent in selling the
goods to some one else.

Such a defense directly contradicts the assertion of a sale to the defend-
ant, and therefore the burden of proof does not rest upon him.

The jury, under such an issue, have no concern with the general respon-
sibilities of commission merchants for collections on sales, or for
selling to one in doubtful circumstances, or for treating the debt
as their own.

Where the bill of particulars limits the claim to one for goods sold to
the defendant, the other so-called common counts may properly
be disregarded.

Argued January 31st—decided March 5th, 1902.

ACTION to recover for merchandise claimed to have been
sold and delivered to the defendant, brought to the Court of
Common Pleas in New Haven County and tried to the jury
before *Hubbard, J.;* verdict and judgment for the defendant,
and appeal by the plaintiff for alleged errors in the rulings
and charge of the court. *No error.*

*J. Birney Tuttle,* for the appellant (plaintiffs).

*Harrison Hewitt,* with whom was *Henry G. Newton,* for
the appellee (defendant).

BALDWIN, J. Under the general issue, in an action for
goods sold, a delivery to the defendant having been shown,
he was permitted to introduce evidence that he took them not
as a purchaser but under an agreement with the plaintiff,
which he had faithfully carried out, that he should forward
them as his own to a third party, who had agreed to buy
them from him at a certain price, together with a bill for that
amount, in his own name, and on receipt of the buyer's check

Alpert v. Bright.

for the purchase money, should indorse it over to the plaintiff, who was then to pay him a commission for his services. This was manifestly relevant to the issue. It went directly to negate the averment that the goods had been sold to the defendant, by showing that he had simply acted as the plaintiff's agent in selling them for him to some one else.

The court was requested to charge the jury that if the defendant claimed that he acted as a commission merchant he had the burden of establishing it by a fair preponderance of evidence. His defense not being an affirmative one, this instruction was properly refused.

Instructions were further requested and refused as to the general responsibilities of commission merchants for collections on sales, or for selling to one in doubtful credit, or for treating the debt as their own. The court properly told the jury that the pleadings raised no question of that nature. The plaintiff relied on an absolute sale to the defendant, and the defendant relied on a special agreement which precisely regulated his conduct in these particulars.

The plaintiff complains that although his complaint followed Form 85 and contained all the "common counts" as there given, the jury were instructed that he had alleged a sale of the goods to the defendant and could prove nothing else. The bill of particulars being simply for goods sold, the court properly disregarded all counts not appropriately applicable to it. Rules of Court, p. 41, § 129.

There is no error.

In this opinion the other judges concurred.