OLIVER H. RUDD *vs.* WILLIAM RUDD, ALIAS WILLIAM M. CHAPEL ET UX.

Second Judicial District, Norwich, October Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under a general denial the defendant is not restricted in his evidence to a mere formal negation of the allegations of the complaint, but may affirmatively prove any state of facts which is inconsistent with the truth of the plaintiff's averments.

Proof that property conveyed to the defendants was an absolute gift to them necessarily disproves an allegation that it was transferred to them in trust and upon their promise to reconvey upon request.

Argued October 19th—decided December 17th, 1915.

ACTION to set aside a conveyance of real estate, brought to and tried by the Superior Court in New London County, *Bennett, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Charles W. Comstock,* for the appellant (plaintiff).

*Charles V. James,* with whom was *Arthur M. Brown,* for the appellees (defendants).

PRENTICE, C. J. This action was brought to set aside a conveyance of real estate made by the plaintiff to the defendants, husband and wife, the wife being the daughter of the plaintiff. The plaintiff alleged that the conveyance was one made without consideration, and upon an agreement that the defendants should hold

the title in trust to and for the use of the plaintiff, who was to remain the real owner, and that upon request the defendants were to reconvey it. The defendants denied this allegation.

The court found that there was no trust connected with the conveyance, but that, on the contrary, the transaction was a gift, and rendered judgment for the defendants.

The plaintiff's appeal claims that the court erred in that it found a fact outside of the issues, and rested its judgment upon such fact, to wit: that the conveyance was made as a gift. In this the plaintiff is mistaken. He alleged that the conveyance was made in trust for him, and that he was to remain the beneficial owner of the property. That allegation, expressly denied, it was incumbent upon him to prove. It was disproved by the establishment of an inconsistent state of facts, and the defendants, under the issues, were privileged to establish such state of facts. Rules under the Practice Act, § 160 (p. 250). They were not restricted to a mere direct denial of that which was alleged, but had the right to show by appropriate evidence that the fact was other than as alleged. *Morehouse* v. *Remson,* 59 Conn. 392, 395, 22 Atl. 427. By establishing that the transaction was a gift from father to daughter and son-in-law, the plaintiff's assertion, which lay at the foundation of his case, was effectually negatived.

The court, therefore, did not go outside of the issues when it found that there was a gift. Neither did it when·it found the existence of the essentials of a good gift, to wit, a sound mind and lack of improvidence on the part of the giver, which findings are also complained of as not being within the issues.

There is no error.

In this opinion the other judges concurred.