Gorski *v.* Zitkov.

---

PETER GORSKI *vs.* ROMAN ZITKOV.

First Judicial District, Hartford, March Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and ELLS, Js.

A defense, offered under a general denial, that a receipt and agreement alleged in the complaint to have been executed by the defendant, were, in fact, written by the plaintiff upon a sheet of paper containing the defendant's signature and fraudulently obtained by the plaintiff, does not offend against the provisions of § 5632 of the General Statutes that matters in avoidance or consistent with the truth of the allegations to be countered, must be specially pleaded; but it does violate the further provision of the same statute which requires a specific denial where the defendant intends to controvert the execution or delivery of a written instrument.

By failing to object to such evidence offered under a general denial, a party waives his right subsequently to claim that the statute required a specific denial.

Argued March 3d—decided April 8th, 1926.

ACTION for a partition of real estate, alleged to be owned by the parties as tenants in common, brought to the Superior Court in Hartford County and tried to the court, *Hinman, J.;* judgment rendered declaring that each of the parties owned an undivided one-half interest in the property and ordering that it be sold and the proceeds paid into court, from which the defendant appealed. *No error.*

*William H. Fogerty,* for the appellant (defendant).

*Walter F. Foley,* for the appellee (plaintiff).

MALTBIE, J.   The plaintiff is seeking the partition of certain real estate alleged to be owned jointly by the defendant and himself.  The defendant filed an answer denying the allegations of the complaint, and a cross-complaint in which he alleged that the plaintiff had agreed, upon certain payments being made to him, to convey his interest in the premises to the defendant, and that the latter had made these payments and had received from the plaintiff a full receipt and agreement for the execution of a deed.  In his reply the plaintiff simply admitted or denied the allegations of the cross-complaint.

Early in the trial the receipt and agreement referred to was produced and its genuineness was disputed. The trial judge thereupon suggested that, if the document was genuine, it might well be determinative of the controversy and its genuineness could best be ascertained by reference to an expert to be selected by counsel.  Counsel for both parties consented.  A continuance of the action was taken, and the document was submitted to an expert.  Thereafter counsel for both parties signed a letter to the trial judge in which it was stated that the expert had found the signature to be genuine, but as they were of the opinion that

there were "one or two other issues connected with this case that should be properly gone into," they requested that a time for a further hearing be fixed. This hearing was held and the plaintiff produced evidence which satisfied the trial court that the defendant had fraudulently or surreptitiously procured a sheet of paper bearing the signature of the plaintiff and, without his knowledge or consent, caused the receipt and agreement to be written upon it.

The defendant claims that since the plaintiff had simply denied the allegations of the cross-complaint as to the making of the agreement for the surrender of his interest in the premises and the giving of the receipt and agreement for a deed, the trial court was bound to disregard the evidence upon which it based its finding as to the manner in which the receipt and agreement was written. The facts found directly contradicted the allegation that the defendant had received the receipt and agreement from the plaintiff, and hence there is no ground for invoking the rule that matters in avoidance, or defenses consistent with the truth of the allegations to be countered, should be specially pleaded. General Statutes, § 5632; *Rudd* v. *Rudd,* 90 Conn. 5, 6, 96 Atl. 173. The defendant might more aptly have made his appeal to the provision in the same statute which requires a special denial where one seeks to controvert the execution or delivery of a written instrument. But he cannot now avail himself of that provision because, by failing to make objection to the introduction of the evidence offered to prove the facts claimed, he waived his right subsequently to insist upon the rule. *Bradley* v. *Sobolewsky,* 91 Conn. 492, 495, 99 Atl. 1067.

The defendant further contends that the trial court, after indicating at the first hearing the predominating effect which it then attributed to the ascertainment of

the genuineness of the signature, ought not, at the continued hearing, to have permitted proof of the circumstances under which the receipt was given, and the defendant urges that he was unduly surprised by the turn the case then took. But this contention merits little consideration in view of the provision in the letter concerning a further hearing, that other issues would then be presented, and of the failure of the record to reflect any surprise expressed by him at the time or any objection to the testimony.

The other reasons of appeal all seek corrections in or additions to the finding. The conclusions of the trial court as to the amounts paid to the plaintiff in the course of the transaction and as to the fact that the defendant caused the receipt and agreement to be written upon a sheet of paper blank except for the plaintiff's signature, without the latter's knowledge or consent, are supported by credible testimony, and the conclusion that the defendant secured the paper fraudulently or surreptitiously is a most reasonable inference. The other corrections sought are immaterial in the light of the conclusions we have stated above.

There is no error.

In this opinion the other judges concurred.