AARON CASLOWITZ *v.* ROOSEVELT MILLS, INC.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 5—decided July 17, 1951

*Jay E. Rubinow,* with whom were *Leon Podrove* and, on the brief, *John D. LaBelle,* for the appellant (defendant).

*Harry L. Nair,* for the appellee (plaintiff).

BALDWIN, J. The complaint in this action alleged the sale and delivery of three cases of "worsted yarn known as 1/7's-62's, in oil, in skeins, 100% wool," to the defendant and the defendant's failure to pay for them. The answer was a general denial. The court rendered judgment for the plaintiff and the defendant appealed.

The plaintiff is a broker in wools, buying and selling on his own account. The defendant operates a knitting mill in Manchester, Connecticut. They entered into an oral agreement in 1946 by which the plaintiff agreed to sell and the defendant to purchase each month approximately 3000 pounds of wool knitting yarn. Such yarn was in short supply and difficult to get. The plaintiff arranged to obtain it from a spinning mill. Under the terms of the agreement, the yarn

was shipped to the Thornton Dye Works in Rhode Island. The shipments began in August, 1946, and continued each month through November, 1946. All the yarn except the three cases was paid for by the defendant. It denied that the three cases were delivered, but the court concluded that the plaintiff had delivered them as claimed. This conclusion must stand unless there was error in the rulings on evidence.

The defendant made various offers of testimony through one of its officers which would tend to contradict the plaintiff's proof of delivery. These offers were excluded on objection upon the ground that they were not admissible under a general denial. The following colloquy ensued. "Mr. Rubinow: In order that I may understand the nature of your Honor's rulings, I understand your Honor is not going to permit us to show there have been any variations between the — The Court: Not under these pleadings I am not. Mr. Rubinow: — between the merchandise that was actually received or with respect to the quality or with respect to the quantity or with respect to the grade; that we are not going to be permitted to show any variation between what was billed and what was actually received. The Court: Under these pleadings, no."

Under the Sales Act, a purchaser is not deemed to have accepted goods delivered to him until he has had a reasonable opportunity to examine them. General Statutes § 6662. If, after a reasonable time elapses, the purchaser does not reject the goods he is considered to have accepted them. General Statutes § 6663; see *Watson* v. *Bigelow Co.*, 77 Conn. 124, 130, 58 A. 741. Or, the buyer may accept the goods and give notice that they do not conform to the contract and that he intends to hold the seller responsible for a breach of his agreement. General Statutes § 6664; see *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 552, 129

A. 527. In an action for goods sold and delivered, affirmative proof of notice is required. Such proof is not admissible under a denial of delivery. Delivery and acceptance are conceded, but notice of noncompliance with the contract is set up to avoid payment in full. Evidence, therefore, to establish a defense that the goods do not conform to the contract as to kind or quality is not admissible under a general denial. Bates, Pleading & Practice (4th Ed.) § 2614; *Wallace* v. *Blake*, 128 N. Y. 676, 28 N. E. 603; *Crawford* v. *Earl*, 38 Wis. 312, 316. And it would follow, in reason, that failure to conform to the agreement as to the number of items or the total weight of the goods sold, if material, could not be shown under a general denial, where the agreement called for the delivery of a specific quantity on any one occasion. The court's ruling was correct so far as it concerned evidence of the kind or quality of goods delivered. But it went beyond that and excluded any offer of testimony as to quantity. The contract called for goods of a certain kind and quality. Upon their delivery it was the duty of the defendant to inspect them within a reasonable time and, if they did not conform to the agreement, reject them or hold them and make a claim for damages for nonconformance. The agreement as to quantity stood on an entirely different basis. It called for delivery of the goods over a period of time at the rate of approximately 3000 pounds per month. This contemplated delivery in instalments. The number of cases or the weight of the wool in each instalment was left entirely to the discretion of the plaintiff and his ability to get the goods. There was, therefore, no agreement as to the quantity of each instalment, and the provisions of the Sales Act hereinbefore referred to, which in conjunction with General Statutes, § 6659, place the burden of proof upon the buyer, do not apply in this case.

Facts contradicting the allegations of the complaint may be proved under a general denial. *Rudd* v. *Rudd*, 90 Conn. 5, 6, 96 A. 173; *Alpert* v. *Bright*, 74 Conn. 614, 51 A. 521; Practice Book § 104. Where, as in this case, the delivery was in instalments with no understanding as to the number of cases or the weight of the wool to be delivered at any one time, the defendant was entitled to offer evidence under a general denial that only part, or none, of the cases were delivered, or that their weight was different from that claimed by the plaintiff. Such a case is not within the statutory provisions and the evidence would have directly contradicted the allegations of the complaint. The ruling complained of was erroneous and harmful.

Two other rulings upon the admission of evidence require attention because the same offers of testimony may be made on a new trial. The plaintiff introduced a delivery receipt purportedly signed by the receiving clerk of the Thornton Dye Works to prove the delivery of the three cases. After the close of the plaintiff's case, the defendant produced as a witness one of its officers for the purpose of offering testimony to attack the credibility of the receipt and to disprove the delivery of the goods. He was asked whether there was a practice between the defendant and the Thornton Dye Works with respect to acknowledging shipments received by the dye works for the account of the defendant. Upon objection he was permitted to testify that there was such a practice, but the court ruled out testimony describing the practice. The habit or practice of doing a certain thing in a certain way is evidence of what actually occurred under similar circumstances or conditions, and in the present case the testimony was admissible to lay the foundation for the drawing of an inference that the three cases had not been delivered from the failure of the defendant to receive any

notice from the dye works. See *Boston Lumber Co.* v. *Pendleton Bros., Inc.,* 102 Conn. 626, 629, 129 A. 782; *State* v. *Williams,* 90 Conn. 126, 130, 96 A. 370; *Moffitt* v. *Connecticut Co.,* 86 Conn. 527, 529, 86 A. 16; 1 Wigmore, Evidence (3d Ed.) § 92. The evidence of the established practice between the two companies concerning the manner in which goods received by the dye works for the account of the defendant were handled and billed was designed to show that there was an error in the giving of the receipt and that the receipt therefore could not be accepted as positive proof that the goods were actually delivered. The court erred in excluding this testimony.

The same witness testified that the Thornton Dye Works went out of business, that all of its stock was acquired by the defendant, that he had personal knowledge of the winding up of its affairs and that the merchandise allegedly shipped was never received by the defendant. He was asked by counsel for the defendant: "Do you know of your own knowledge whether there was any merchandise unaccounted for or any surplus merchandise in Thornton Mills at the time Thornton Mills' affairs were wound up?" His answer, "Every pound that was received was accounted for and shipped out to the various people who sent it in," was, upon objection and motion, stricken out. This evidence was admissible to show that the goods had never been delivered. If the records of the Thornton Dye Works as to receipts and deliveries of goods on the account of the defendant were in balance with the defendant's and there were no surplus goods on hand unaccounted for, that fact was competent evidence to prove nondelivery of the goods. The court erred in excluding it.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion JENNINGS, INGLIS and O'SULLIVAN, Js., concurred; BROWN, C. J., concurred in the result.