[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (107)
The plaintiffs James A. and Denise A. Dinnis, d/b/a Prestige Construction filed a three-count first amended complaint on May 29, 1990 with John and Sharon Roberts named as defendants. This action arises out of a contract wherein the plaintiffs were hired to construct an addition to the defendants' home in return for payment. Plaintiffs allege that with approximately 85% of the addition completed, the defendants terminated the plaintiffs' services without explanation or prior notice. Plaintiffs further allege that they had not been paid for all work in place at the time of termination. Demand for payment has been refused. Count CT Page 80 one sounds in quantum meruit, count two sounds in unjust enrichment and count three is a claim for vexatious litigation pursuant to Conn. Gen. Stat. 52-568 (rev'd to 1989).
On August 15, 1990, defendants filed a motion for summary judgment. The thrust of the Roberts' argument concerning the first two counts is that: (1) the work for which the plaintiff was hired constitutes a home improvement within the definition of Conn. Gen. Stat. 20-419(4); (2) the damages claimed by the plaintiffs are for home improvements done in accordance with the contract executed by the parties; (3) that contract failed to comply with the Home Improvement Act, Conn. Gen. Stat. 20-418 et seq.; and (4) that the decision in Barrett Builders v. Miller,215 Conn. 316 (1990) clearly held that a contractor who failed to comply with the requirements of the Home Improvement Act is barred from quasi-contractual recovery. Defendants argue that the third count is subject to summary judgment because an aborted PJR application cannot form the basis of an action for vexatious litigation.
Memoranda of law in support and opposition to defendants' motion for summary judgment have been filed by the respective parties.
Plaintiffs argue in opposition to the motion that the Home Improvement Act was not affirmatively pled as a special defense, and that therefore the court is prohibited from considering the statute as a basis for summary judgment. Plaintiffs further contend that even if the statute was properly before the court, an issue of fact exists as to whether the defendants acted in bad faith. On August 17, 1990 defendants filed an answer. The motion for summary judgment was heard at short calendar on November 5, 1990.
 Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Zichichi v. Middlesex Memorial Hospital 204 Conn. 399, 402, 528 A.2d 805 (1987). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the CT Page 81 existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982).
Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
Any party may move for summary judgment after the pleadings are closed. Conn. Practice Bk. 379. Although defendants did not file an answer until after filing a motion for summary judgment the pleadings were closed at the time the motion was argued al short calendar and therefore the court may address the merits of the motion. See Brookfield v. Candlewood Shores Estates, Inc.,201 Conn. 1, 4-5 (1986) (merits of summary judgment ruled upon where pleadings open when motion filed, but closed by day of short calendar argument.)
Plaintiffs argue in their memoranda in opposition to the motion for summary judgment as to the first two counts that defendants' failure to raise the Home Improvement Act as a special defense prohibits this court from considering such statute as basis for summary judgment. Plaintiffs are correct and therefore the motion for summary judgment as to the first two counts is denied.
In Bernier v. National Fence Co., 176 Conn. 622 (1979) the court stated:
 The distinction between matters which may be proved under a general denial and matters constituting special defenses, which must be specially pleaded, was enunciated in Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 327 A.2d 583 (1973), where this court observed (p. 6) that "[t]he issues to be tried may be framed in several ways. A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the CT Page 82 existence of the disputed fact. Caslowitz v. Roosevelt Mills, Inc. [138 Conn. 121, 123-25, 82 A.2d 808 (1951)]; James, Civil Procedure 4.7; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 126(g), p. 517. If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense."
Id. at 629; See, Conn. Practice Book 164 (rev'd to 1989).
In Sidney v. DeVries, 18 Conn. App. 581 (1989) it was held that "[w]hen the evidence needed to establish that no cause of action lies is consistent with the allegations necessary to establish a prima facie case, a special defense is required. Bernier v. National Fence Co., 176 Conn. 622, 629-30 (1979). We conclude that the plaintiffs should have pleaded the Home Improvement Act as a special defense." Id. at 586-87.
Defendants' failure to plead the Home Improvement Act as a special defense prevents the court from addressing the merits of the motion for summary judgment as to counts one and two.
Plaintiffs argue in the alternative that even if the Home Improvement Act is a good defense to this action, an issue of fact exists as to whether the defendants acted in bad faith. Even if the court were to consider the merits of the motion for summary judgment, it would not consider the question of whether the defendants acted with bad faith, as this issue was not properly raised in the plaintiffs' first amended complaint. It is possible that had the plaintiffs alleged a count for fraud, the rule of Barrett Builders v. Miller, 215 Conn. 316 (1990) limiting a contractor to relief only pursuant to the Home Improvement Act would not apply. "Where a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Maruca v. Phillips, 139 Conn. 79, 81 (1952) (citations omitted).
Count three alleges facts sounding in vexatious litigation. Defendants move for summary judgment on the third count, arguing that an aborted (or denied) PJR application cannot form the basis of an action for vexatious litigation.
Conn. Gen. Stat. 52-568 (a) (rev'd to 1989) states:
 Any person who commences and prosecutes any civil action or complaint against another, in CT Page 83 his own name, or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages.
Id.
In deciding whether a prejudgment remedy application constitutes a civil action, it is of some assistance to look at the definition of "prejudgment remedy" found in Conn. Gen. Stat.52-278a(d) (rev'd to 1989):
 Prejudgment remedy means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order.
Id.
 Prejudgment remedy proceedings are not involved with the adjudication of the merits of the action brought by the plaintiff . . . . They are only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action. E.J. Hansen Elevator, Inc. v. Stoll, [167 Conn. 623, 629-30].
Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577,581 (1977).
An application for a prejudgment remedy is not a civil action upon which a cause of action for vexatious litigation may be based. Furthermore, a claim for vexatious litigation may be based. Furthermore, a claim for vexatious litigation requires that a previous lawsuit has been terminated in the plaintiff's favor. Blake v. Levy, 191 Conn. 257, 263 (1983). A denial of a previous PJR application does not amount to termination of a previous lawsuit in the defendants' favor. CT Page 84
For the reasons stated, defendants' motion for summary judgment as to the third count is granted.
DONALD T. DORSEY, JUDGE.