[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The Plaintiff herein objected to the Courts considering the Defendant's objection to the motion to strike because the Defendant failed to file a memorandum of law five days prior to the hearing of the argument as required by Section 155 of the Practice Book. CT Page 3250
It should be noted in passing, that defense counsel explains this failure by noting that Plaintiff's counsel failed to send them a copy of his motion but rather served it only on Defendant's prior counsel.
It is rather surprising, in view of this claim, that. Plaintiff's counsel is so anxious to take advantage of the situation. It does not seem to the Court that in these circumstances the invocation of the rule would in any way advance the ends of justice. Clearly, the Court has the power to waive the five day requirement of Section 155 and choses to do so. See Southport Manor Convalescent Center v. Foley, 216 Conn. 11, 13, n. 1 (1990); Commission on Human Rights and Opportunities v. Teamsters Union, 1991 WL 253701 (Judge Schaller, Conn. Super. Ct. 1991); and Rephan v. Clohessy Building Company, 1991 Conn. Super. Ct. Reports 425 (1991).
When counsel is as anxious to use a strict interpretation of the rules, in a situation which suggests it might be unfair to do, he ought to be very careful to hold himself to the same strict standard. Practice Book Section 154 provides in part that:
 "Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."
A motion to strike which sets forth the reasons in the memorandum only is fatally defective. Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4 (1991); Blancato v. Feldspar,203 Conn. 34, 36-37 p. 3, (1987).
In addition the Defendant asserts that Practice Book Section 164 requires the pleading of the special defenses and asserts the law under which breach of warranty claims cannot be proven under a general denial, citing Caslowitz v. Roosevelt Mills, Inc., 138 Conn. 121, 124 (1951), to support, that proposition. Clearly it might be prudent to plead such matters as a special defense facing a possibility that a Court might take that position. CT Page 3251
In any event, since both sides agree that breach of warranties are an issue in the case, the pleading of such as a special defense in no way changes Plaintiff's case and merely shifts the burden of proof to the Defendant.
For all of the foregoing reasons the Plaintiff's motion to strike is denied.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court