## STANLEY L. PAWLINSKI v. ALLSTATE INSURANCE COMPANY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

1

Argued March 6—decided May 2, 1973

*Leon R. Nemore* and *Elsie K. Nemore*, for the appellant (plaintiff).

*Noel R. Newman*, with whom, on the brief, was *Edgar W. Krentzman*, for the appellee (defendant).

HOUSE, C. J. On February 24, 1962, the plaintiff was injured in an automobile accident. In January of that year, the plaintiff had bought a new Volkswagen automobile and approximately at the time of purchase had discussed with an agent of the defendant, the plaintiff's insurer, a change in his insurance coverage. Both parties agree that at that time the plaintiff requested that a 1952 Ford automobile be eliminated from the coverage, that the 1962 Volkswagen be added, and that medical payments coverage and collision coverage be effected for the Volkswagen. These changes were reflected in an "endorsement" to the policy which had an effective date of January 10, 1962.

The center of the present dispute is another item included in the January 10 endorsement. The plaintiff claims that in January he also requested and

received "disability income" coverage, as noted in the January 10 endorsement, which entitled him to payments of $50 for each week of disability resulting from his accident. The defendant claims that this coverage was not in fact in effect until at least three days after the February 24 accident and was requested by the plaintiff's wife on February 27.

The trial court found that the plaintiff failed to sustain the burden of proof as to his claim and rendered judgment for the defendant. The plaintiff has assigned as error, inter alia, the refusal of the trial court to find the facts set forth in forty-four paragraphs of the draft finding, the inclusion in the finding of sixteen paragraphs alleged to be unsupported by evidence and of thirteen "conclusions" claimed to be unsupported by subordinate facts, the overruling of thirty claims of law, numerous rulings on the admissibility of evidence, and the court's interpretation of the law concerning the burden of proof. This court strongly disfavors such an unwieldy method of presenting an appeal. *Arcari* v. *Dellaripa,* 164 Conn. 532, 325 A.2d 280. The plaintiff, however, has to some extent simplified and clarified the basis of his appeal by stating in his brief: "[T]he seemingly wholesale nature . . . [of the attack on the court's finding] resulted as a chain reaction from the court's misinterpretation of the issues raised by the pleadings and its misconstruction of the principles of law applicable to the issues and the evidence."

An examination of the specific assignments of error and of the plaintiff's brief reveals two primary claims of error, and a determination of the merits of these claims is dispositive of the appeal. The first claim concerns the effect of the pleadings on the ad-

missibility of evidence. The defendant admitted in its answer an allegation[1] that on the date of the accident the plaintiff was the owner and holder of and the named insured in an automobile liability policy insuring the plaintiff and the Volkswagen. The plaintiff claims that the defendant thereby admitted the existence and full validity of the endorsement of January 10 and consequently was precluded from introducing any evidence tending to contradict the existence and validity of the disability income clause.

The defendant, however, specifically denied the next following paragraph of the complaint which affirmatively alleged that the terms of the policy obligated the defendant to pay benefits by virtue of the disability income clause.[2] The only logical construction of the pleadings in these circumstances compels the conclusion, which the trial court reached, that the defendant admitted that at the time of the accident an insurance policy was in force between the parties, but that the specific allegation that the particular disability income coverage clause was in effect was disputed and denied.[3] In this state of the pleadings the defendant was clearly not pre-

[1] "2. Prior to February 24, 1962, the defendant issued to the plaintiff, for a valuable consideration, and on said date the plaintiff was the holder and owner of, and the named insured in, an automobile liability policy bearing number N389-163-11-3, insuring the plaintiff and a 1962 Volkswagen automobile owned by him."

[2] "3. By the terms of said insurance policy the defendant obligated itself to pay weekly disability income of Fifty ($50.) Dollars per week to the plaintiff for each week of continuous total disability resulting directly, and independently of all other causes, from bodily injury caused by accident and sustained by the insured plaintiff while occupying said 1962 Volkswagen or through being struck by an automobile, provided such disability commenced within twenty (20) days after the date of any such accident."

[3] We note that while the plaintiff alleged in his complaint that "said insurance policy is incorporated herein and made a part hereof and will be hereinafter filed and referred to as 'Exhibit A,'" the

cluded by its admission that a policy was in existence from introducing evidence to support its express denial of the plaintiff's affirmative allegation that the disability income clause was in effect at the time of the accident. See, e.g., *Brockett* v. *Jensen,* 154 Conn. 328, 336, 225 A.2d 190; *Pluhowsky* v. *New Haven,* 151 Conn. 337, 349, 197 A.2d 645.

Relying on such cases as *DuBose* v. *Carabetta,* 161 Conn. 254, 260, 287 A.2d 357, *Alderman* v. *Hanover Insurance Group,* 155 Conn. 585, 236 A.2d 462, and *Goldner* v. *Polak,* 108 Conn. 534, 537, 143 A. 882, the plaintiff further asserts that the evidence offered by the defendant and admitted by the court to show that the disability income coverage was not in effect was inadmissible in the absence of a special defense alleging fraud, mutual mistake or lack of consideration. This evidence consisted of the defendant's business records, testimony of the defendant's employees and evidence concerning the transactions between the plaintiff's wife and the defendant's agent following the accident. The defendant contends that this evidence was properly admitted under its denial of the allegations of the complaint with respect to disability coverage since it tended

document on which the plaintiff relied was not revealed until five years after the filing of the complaint. It thus appears that although the plaintiff may have sought the advantage of § 91 of the Practice Book permitting such an incorporation by reference, he failed to comply with the provision of that section that in such circumstances "he shall serve a copy of such exhibit or exhibits on each other party to the action forthwith upon receipt of notice of the appearance of such party and shall file the original or a copy of such exhibit or exhibits in court with proof of service on each appearing party." As a result, although procedures were available to the defendant which would have enabled it to obtain an earlier disclosure, the defendant nevertheless was, at the time it filed its answer, operating under a partial disability to respond with greater precision.

to establish facts inconsistent with the affirmative allegations of the complaint which the defendant had denied.

Admittedly the rules concerning what evidence may be introduced under a denial are somewhat complex. See Practice Book § 120; *DuBose* v. *Carabetta,* supra; *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698; *Biller* v. *Harris,* 147 Conn. 351, 357–58, 161 A.2d 187; *Caslowitz* v. *Roosevelt Mills, Inc.,* 138 Conn. 121, 123–25, 82 A.2d 808. An examination of the purpose and history of the special defense rule, however, helps to clarify its effect. "The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until the trial is under way." *DuBose* v. *Carabetta,* supra, 261. The issues to be tried may be framed in several ways. A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed fact. *Caslowitz* v. *Roosevelt Mills, Inc.,* supra, 125; James, Civil Procedure § 4.7; 1 Stephenson, Conn. Civ. Proc. (2d Ed.), p. 517, § 126 (g). If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the "new matter" must be affirmatively pleaded as a special defense. *Biller* v. *Harris,* supra; James, loc. cit.; 1 Stephenson, op. cit., pp. 518–19, § 127. Practice Book § 120 lists some of the defenses which must be specially pleaded and proved. Historically, the special defense plea is an outgrowth of the common-law plea of "confession and avoidance." 1 Stephenson, op. cit., p. 521, § 127 (c), explains the plea with

an apt illustration: D is liable to P if a, b, and c are true unless d is also true. If d contradicts a, b, or c, then evidence of d may be admitted under a denial. If, however, the existence of d does not negate the existence of a, b, or c, but independently destroys liability, then evidence of d may be admitted only under a special defense. The distinction is significant since pleading is more than a mere procedural formality. Generally, it allocates the burden of proof on a particular issue. *DuBose* v. *Carabetta,* supra, 262; 1 Stephenson, op, cit., p. 523, § 127 (e); James, op. cit. § 4.10.

The crucial flaw in the plaintiff's contention is that the endorsement dated January 10 was not incorporated in the complaint as permitted by § 91 of the Practice Book. When finally introduced at the trial the endorsement then had the status of an ordinary exhibit. "An exhibit offered and admitted on the trial becomes evidence and should be treated in all respects as is other evidence." *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41, 82 A.2d 152. As framed by the pleadings, the action technically was not brought to enforce the terms of the endorsement, but rather to enforce an agreement and the endorsement was introduced in evidence in an endeavor to prove what were the terms of that agreement. While proof of the existence of an insurance contract may well be sufficient to constitute a prima facie case on the issue of the validity of its terms; see General Statutes § 42a-1-202, 44 Am. Jur. 2d, Insurance, § 1953; its introduction as an exhibit does not by itself preclude evidence offered to contradict its apparent effect or validity. To require a defendant to plead a special defense in order to attack the probative force of such an exhibit would border on the ludicrous.

If the endorsement had been properly included in the complaint which the defendant was required to answer, then the "extrinsic" evidence offered by the defendant might well have been consistent with the actual terms of an allegation yet inconsistent with ultimate liability and thus admissible only under a special defense. Practice Book § 120; *DuBose* v. *Carabetta,* 161 Conn. 254, 262, 287 A.2d 357; *Biller* v. *Harris,* supra; 1 Stephenson, op. cit.; James, op. cit. Under the pleadings as framed, however, the defendant's evidence was properly admitted because it tended to show mistake induced by fraud or misrepresentation and thus affected the weight and efficacy of the plaintiff's evidence. See, e.g., *Seymour Water Co.* v. *Horischak,* 149 Conn. 435, 442, 181 A.2d 112; *Rodie* v. *National Surety Corporation,* 143 Conn. 66, 69, 118 A.2d 908. It sought to prove facts which were inconsistent with the plaintiff's express allegation that the defendant was liable for disability income payments. As such, the evidence was admissible under the denial of that allegation of the complaint; *Caslowitz* v. *Roosevelt Mills, Inc.,* supra, 123–25; and the court properly ruled in admitting the evidence.

The final assignment of error which we consider concerns the burden of proof. The plaintiff relies on *Harty* v. *Eagle Indemnity Co.,* 108 Conn. 563, 143 A. 847, and the cases cited therein, for the proposition that in the insurance context a plaintiff need only allege that all conditions precedent have been fulfilled, and if the insurer intends to contradict the fulfillment of any of the conditions, it must do so by a special defense. If the insurer does so plead, however, the burden of proving fulfillment still rests with the insured. *Harty* v. *Eagle Indemnity Co.,* supra, 565. As the *Harty* case points out, this ex-

ception to the general rule arose as a result of the great number of conditions precedent frequently included in insurance policies and the special defense required under the exception serves the function only of notifying the other parties and the court of what the insurer intends to contest. See also *Frager* v. *Pennsylvania General Ins. Co.,* 161 Conn. 472, 478, 289 A.2d 896, and *DuBose* v. *Carabetta,* supra, which strongly suggest that the unusual pleading procedure is applicable only to suits actually on insurance policies rather than to those merely alleging an insurance agreement.

In this case, the *Harty* exception is not applicable. Rather than generally alleging fulfillment of all conditions precedent, here the plaintiff expressly alleged that the defendant was liable under the terms of a specific separate endorsement. It is basic law that a party who alleges the affirmative of an issue, albeit gratuitously, will be held to have assumed the burden of proof with respect to that issue. See *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 552, 219 A.2d 225; *State* v. *Fahey,* 147 Conn. 13, 17, 156 A.2d 463; *Yanez* v. *DeRosa,* 118 Conn. 471, 472, 172 A. 926.

We conclude that there was no error in the evidential rulings of the court, that it properly determined where the burden of proof lay, and that in the exercise of its responsibility to determine the credibility of the witnesses and the weight of the evidence it could reasonably and logically conclude, as it did, that disability income coverage was not in effect at the time of the plaintiff's accident and that the plaintiff did not sustain his burden of proof.

There is no error.

In this opinion the other judges concurred.