[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the defendants' first special defense claiming that it is improper, irrelevant and insufficient as a matter of law. The first special defense claims "all applicable set offs, contributions, credits and allocations including but not limited to those from collateral sources." A motion to strike can be used to test the legal sufficiency of any special defense contained in the answer. Section 152(5) Connecticut Practice Book.
The defendants have indicated that the purpose of the special defense is to take advantage of a reduction for amounts received from collateral sources when this case, claiming negligence from a motor vehicle collision, is reached for trial. This action comes within what is known as Tort Reform II and the provisions of section 52-225a of the General Statutes. Subsection (a) of that statute provides that after damages are awarded by the trier of fact that the court shall make certain stated deductions from the award of damages. Subsection (b) provides that after damages are awarded by the trier of fact and before the court enters judgment, the court shall receive evidence concerning amounts received by the claimant from collateral sources. A special defense is a matter which is consistent with statements in the plaintiff's complaint that show notwithstanding those allegations that the plaintiff has no cause of action. Section 164 Connecticut Practice Book; Pawlinski v. Allstate Insurance Co., 165 Conn. 1, 7. In order to raise such matters at the trial of the case they must be specially pleaded as a special defense. Section 164. Until Section 52-225a was enacted, a defendant could not obtain a reduction for payments received by the plaintiff from collateral sources, Gorham v. Farmington Motor Inn, Inc. 159 Conn. 576, 579, 580, the trier did not consider such evidence, and it could not properly be raised as a special defense because it would be a legally insufficient ground for reduction of damages, and was not a bar to the plaintiff's claim. While section 52-225a now allows credits for collateral source payments to the plaintiff, this is not a matter considered by the trier of fact, whether court or jury, when the case is tried. After judgment the court hears evidence on collateral source payments and makes an appropriate reduction in the plaintiff's damages. A special defense is raised for the purpose of offering evidence on the issue or concept contained in the special defense at the time of trial. Since evidence of collateral source payments cannot be introduced at trial, the special defense is improper and irrelevant. As CT Page 450 recognized in Wiggins v. Johnson, 16 Conn. L. Trib. 9 (Corrigan, J) the statute is designed to avoid having the jury hear of collateral sources, as this might prove prejudicial to the plaintiff. Related to this, the court makes an appropriate reduction in damages under section 52-225a
for collateral source payments, and this function cannot be performed properly if the jury may have previously made an undisclosed partial reduction on its own after hearing evidence of such payments. In addition, the defendants are guaranteed by section 52-225a that the court will make suitable reductions for collateral source payments, and this is required by the statute in any event, so a special defense from the defendants is totally unnecessary. As in Wiggins v. Johnson, supra, and Zabaja v. Guerrera, 16 Conn. L. Trib. 15 (Maloney, J.) the court concludes that collateral source payments should not be pleaded as a special defense.
The motion to strike the first special defense is granted.
ROBERT A. FULLER, JUDGE