[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
This action is brought by the Commissioner of Environmental Protection (CEP) for injunctive relief, the first count of which alleges that on February 16, 1989, pursuant to G.S. 22a-6, CT Page 351422a-39 and the regulations of Connecticut State Agencies, Sec 22a-3a-1(e), the CEP entered an Enforcement Order against the defendant Burns Construction Co., Inc., to (1) cease filling any wetlands or watercourses on the defendant's property to the rear of 611 Access Road in Stratford, and (2) restore the wetlands or watercourses by April 1, 1989 or submit a permit by that date. The CEP alleges that the Order became final when the defendant failed to request a hearing and has failed to comply with one or more of the provisions of the Order. The defendant, in its answer, denies that the Order was entered pursuant to G.S. 22a-6, 22a-39 and regulation 22a-3a-1(e), admits the contents as alleged and denies that the Order became final or that the defendant has failed to comply with it. The defendant has filed with its answer a special defense that the Enforcement Order entered by the CEP was governed by G.S. 22a-7 which required the CEP to provide a hearing to the defendant within 10 days of such Order and having failed to do so the Order was invalidated.
The CEP has moved to strike said special defense in that the provisions of G.S. 22a-7 were not alleged to be the authority under which the CEP entered the Order and G.S. 22a-7 does not set out limitations of the CEP's authority derived pursuant to G.S. 22a-6.
The defendant argues that the due process provided by G.S. 22a-7 is necessary to the finality of the Order of the CEP and therefore the Order is invalid.
Sometimes the rules concerning what evidence may be introduced under a denial are somewhat complex, particularly where advantage of using the motion to dismiss or to strike have not been taken. Here, mere denial of the allegations of the complaint would not afford the defendant an opportunity to contest the jurisdiction or of a cause of action without a special defense. Pawlinski v. Allstate Ins. Co., 165 Conn. 1,6-7. The defendant should be permitted to produce evidence as to the due process failure.
For the above reasons, the motion to strike is denied.
Corrigan, J.