[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
The State of Connecticut brought this action against a former state employee seeking recovery of excess wage payments. It alleges that the defendant was inadvertently paid at a rate higher than the position for which she was hired. The defendant admits in her answer to the allegations of the complaint that her position was a bargaining unit position subject to a bargaining unit agreement with the New England Health Care Employees Union, District 1199. The court (Wagner, J.) had previously granted a motion to strike Special Defenses based on limitations and estoppel. The defendant has filed a substituted Special Defense to which the plaintiff has filed a Motion to Strike, the instant motion. The special defense alleges that the plaintiff paid the defendant at a rate calculated or intended to induce the defendant to believe she was entitled and would be paid and on reliance of which she declined employment elsewhere resulting in a substantial loss to her if such acts are now negated. She alleges that she exercised due diligence to ascertain the rate of pay to which she was entitled, lacked knowledge of it and has no convenient means of acquiring such knowledge.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of the pleading to state a claim CT Page 3929 upon which relief can be granted or in the case of a special defense, to avoid the liability despite the truth of the allegations of the complaint. Pawlinski v. Allstate Ins. Co.,165 Conn. 1, 7. In ruling upon the motion, the court is limited to the facts alleged and must construe them most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170. Although the motion admits all well-pleaded facts, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108. The defendant has adequately set out conclusions in her special defense on the essential elements of a claim of estoppel. Kimberly-Clark Corporation v. Dubno, 204 Conn. 137,148. However, no facts are asserted as to the agent upon whom she relied nor the content or method of communication. Her admission that her position was a bargaining unit position subject to a bargaining unit agreement belies the conclusions alleged that she exercised due diligence to ascertain the rate of pay to which she was entitled, lacked knowledge of it and has no convenient means of acquiring such knowledge.
For the above reasons the motion to strike is granted.
CORRIGAN, JUDGE