The action in case docket No. CV90-45006S contains two counts alleging clerical errors in the assessment for property tax purposes under C.G.S. Sections 12-60 and Sections12-129, respectively. The action in case docket No. CV90-45007S is a tax appeal brought under C.G.S. Section 12-118
pertaining to the same property for the same tax periods. Because the actions concern identical claims of erroneous assessment, the actions were consolidated and tried together on June 4, 1992.
The parties have stipulated that the plaintiff is the owner of the subject property, located on West Road in Ellington, and he has paid all taxes assessed for the relevant tax periods. Further, the plaintiff has appealed the assessment for the 1986 grand list to the Board of Tax Review and has also filed an application for refunds of a portion of those taxes paid. Both his appeal and application for refund were denied.
The property in question comprises two parcels upon which are an apartment complex containing twelve residential apartment buildings and one boiler/laundry building. Each residential building has ten apartment units within it creating a total of one CT Page 5623 hundred twenty units for the entire complex.
The plaintiff introduced no evidence regarding the fair market value of the complex. Instead, the plaintiff relies on a claim of clerical errors which purportedly resulted in an inflated assessment of the value of the two parcels. These alleged clerical errors are that the defendant assessed the value of the residential buildings as if all twelve had full basements when, in reality, only two of these structures have full basements and one building has only a half basement.
The defendant denies that the purported clerical errors were made and maintains that the assessed value of the property reflects the actual value. The defendant contends that what appears to be the erroneous inclusion of full basements where none exist is merely the product of the method of valuation by which the assessor at the time of valuation allocated values to the individual residential buildings.
The plaintiff asks the Court to find the alleged clerical errors from a review of the assessor's "field" cards for the complex. The defendant's assessor's records regarding this complex are contained in two field cards pertaining to the two parcels (Defendant's Exhibit 1), hereinafter referred to as "parcel" cards, and thirteen separate field cards pertaining to each building individually (Plaintiff's Exhibit A), hereinafter referred to as "building" cards. The two parcels are referred to in the parcel cards as lots 12B and 12C. Except for the boiler/laundry building, each of the other buildings is referred to by an individual building number, e.g. "Building #5," on the building card assigned to that particular building. The second page, or reverse side, of each building card contains a sketch portraying the footprint of the building.
The sketches denote the presence or absence of a basement by placing a plus or minus sign next to the digit describing the number of floors in the portion of the building shown in the sketch. The building cards sketches for Buildings #1, 2, 3, 5, 7, and 9 all display the presence of full basements. The remaining building sketch cards display the absence of any basements. In reality, only two buildings have full basements, and one building has a half basement.
The second page of these building cards also has a section labelled "Building Computation." This section consists of spaces to be filled in with figures ostensibly to be used to calculate the value of the building. The figures written in these spaces are identical for all twelve residential buildings, including handwritten references and calculations pertaining to the basements and the reproduction cost attributable to the presence of full CT Page 5624 basements. This is so despite the fact that only two buildings actually have full basements. It is the inclusion of this erroneous information in the Building Computation section of the building cards which is the basis of the plaintiff's claim of overassessment because of clerical error. He asserts that this erroneous inclusion necessarily increased the estimated reproduction cost of the buildings, which did not actually have full basements, and thus the assessed value of the entire complex was erroneously arrived at.
If this was the method by which the value of the complex was determined, the plaintiff's contentions would certainly be true. However, the defendant offered the testimony of William D. Marsele, who was the Town Assessor for Ellington when the subject property value was determined for property tax purposes. He testified that the information, figures, and calculations written on the building cards in the Building Computation section were not used at all to determine the value of the apartment complex. In fact, according to Marsele, a reverse procedure took place, i.e. the value of each parcel as a whole was determined first, and then values were assigned to each building.
Marsele first ascertained the fair market value of the entire complex using a combination of the cost and income approaches to finding value and then verified this result using the comparable sales approach. Once he obtained the fair market value for the land and buildings, in toto, he then divided that portion of the value of the property attributable to the residential buildings by twelve. Using this quotient, he worked backwards arriving at the various figures written in the Building Computation section of the building cards. Thus, the figures denoted in these sections were not used to arrive at the assessed value of the complex but vice versa. He ascribed as the reason why all twelve building cards show information and figures for buildings with full basements the mere convenience of treating each residential building identically.
Under C.G.S. Section 12-129, tax refunds are allowed only for clerical errors and are not allowed for over-valuation "based upon an error of judgment by the assessors." Because the plaintiff introduced no independent evidence of the fair market value of the complex, the only question to be resolved by the Court is one of credibility. If Marsele's testimony is to be believed, despite the curious procedure employed, no clerical error occurred, and the assessment was not affected by the misinformation contained on the building cards. If, however the Court finds that Marsele's testimony was not credible in this regard and that the inaccurate building card figures were, in fact, used to estimate the value of the complex, the plaintiff ought to prevail. CT Page 5625
The burden of proof on this issue is on the plaintiff, Pawlinski v. Allstate Ins. Co., 165 Conn. 1 (1973), page 9. The Court finds that the plaintiff has not met his burden of proving that the defendant over-valued his property. The Court finds that Marsele did arrive at the value of the complex in the manner he described. This procedure, although awkward, does account for why six building cards would possess sketches which clearly indicate the absence of a basement and yet contain information and figures relevant to a structure with a full basement. It seems to the Court that the likelihood that the same clerical mistake occurred six times out of six opportunities is remote. Much more likely is that these apparent contradictions occurred as a result of the system described by Marsele.
Also, it appears more logical that an assessor would determine the value of the complex in its entirety in the first instance, rather then perform twelve separate calculations and aggregate them afterwards. The twelve buildings were constructed in two phases. Each phase consisted of the erection of six buildings, which process also accounts for the splitting of this complex into two parcels by the assessor. This process makes the concept of twelve separate evaluations followed by aggregation seem improbable
Having found Marsele's testimony credible, the Court concludes that no clerical error, which mistakenly raised the value of the property, occurred. Therefore, the Court finds for the defendant on all counts.