[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO STRIKE #117
A motion to strike is used to "test the legal sufficiency of a pleading." Alarm Applications Company v. Simsbury Volunteer Fire Co. 179 Conn. 541, 545, 427 A.2d 822 (1980). It admits all facts alleged and the complaint is viewed in the light most favorable to the pleader. Blancato v. Feldspar Corporation203 Conn. 34 36 522 A.2d 1235 (1989). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (citations omitted). Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The motion to strike can be used to contest "the legal sufficiency of any answer to any complaint", Practice Book 152(5) or "to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (1983, Pickett, J.) The plaintiff has accompanied its motion to strike with a memorandum of law in compliance with Practice Book 155.
CT Page 9741 A special defense is used to obtain admission of evidence to show that despite the plaintiff's allegations, that he has no cause of action. Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 4,327 A.2d 583 (1973). "A `set-off' envisions a debt owing from the plaintiff to the defendant or at least a claim by the defendant against the plaintiff." (citations omitted). Saladino v. Barry, 5 CTLR 405, 40Z (January 3, 1992) (Rush J.).
C.G.S. 52-225a(b) states
 Upon a finding of liability and awarding of damages by the trier of fact and before the court enters judgment the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
(emphasis added).
The plaintiff argues that the legislature's intent in enacting C.G.S. 52-225a was to avoid the jury's knowledge of money already paid to the plaintiff so as not to prejudice either party in the action. The defendant has not responded to this motion with a memorandum of law.
The legislature's intent in enacting 52-225a was to "avoid having the jury hear of collateral sources, as this might prove prejudicial to the plaintiff." Zujewski v. Allen, 2 CTLR 92 (July 16, 1990) (Fuller. J.). Since the statute "imposes on the court the affirmative responsibility of taking evidence and making the required reduction in damages after the verdict, a simple request to the court by the defendant at that time will suffice to trigger the procedure, if it is necessary." (emphasis added) (citations omitted) Derdiarian v. Clinton, 3 CTLR 299, 300 (February 26, 1991) (Ryan, J.). "[Credits for collateral source payments are considered by the court after the plaintiff's damages are determined by the trier." (emphasis added). Cheneski v. Barber, 7 CTLR 92, 93 (February 7, 1992) (Fuller, J.).
The proper time to ask for a reduction of an award under C.G.S. 52-225a is after a finding of liability by the trier of fact. The plaintiff's motion to strike the defendant's fourth special defense is granted. CT Page 9742
SYLVESTER, J.