[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 2634
The issue before the court is whether it should grant the plaintiff's motion to strike the defendants' two special defenses.
It is found that the court should grant the plaintiff's motion to strike.
On December 3, 1990, the plaintiff, Casagmo Condominium Association, filed a complaint seeking to foreclose a statutory lien obtained pursuant to General Statutes, Sec.47-258(a) for delinquent common charges in the amount of $2,338.05 owed by the defendants, Herman Kaufman and Diane M. Kaufman, for the condominium located at Unit 101, Olcott Way, Casagmo Condominium, Ridgefield, Connecticut. On May 26, 1992, the defendants filed an answer and two special defenses. In the first special defense, the defendants allege that the plaintiff breached both its fiduciary and legal duty to preserve and enhance the value of each condominium unit. In particular, the plaintiff imposed financially harsh and burdensome monthly common charges and additional annual cash assessments resulting in a substantial reduction and dilution in value of each unit thereby rendering the units noncompetitive with other comparable residential real estate, and the plaintiff imposed these charges to discriminate against those unit owners, including the defendants, who do not use the unit as a primary and principal residence. As a result, the defendants argue that the decrease in value exceeds any claim for damages by the plaintiff. In the second special defense, the defendants allege that the total amount of all outstanding liens on the condominium equals $80,000.00, whereas the fair market value of the property is $90,000.00; therefore, the defendants request that the court order a foreclosure by sale.
On October 29, 1992, the plaintiff filed a motion to strike the defendants' special defenses, accompanied by a memorandum of law. In the memorandum of law, the plaintiff argues that the special defenses are legally insufficient because the defenses are not related to the plaintiff's claim for common expense assessments, and that these defenses are not properly raised in this action as a unit owner may not exempt himself from the payment of such common expenses. On CT Page 2635 November 9, 1992, the defendants filed a memorandum in opposition to the motion to strike arguing that the instant foreclosure is an equitable proceeding; therefore, the defendants are entitled to assert equitable defenses.
The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but chow, notwithstanding, that the plaintiff has no cause of action. Practice Book, Sec. 164; Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7, 327 A.2d 583 (1973). "Defenses available in a foreclosure action are generally limited to payment, discharge, release, satisfaction or invalidity of the lien." (Citation omitted.) Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). "However, because foreclosure is equitable, courts have recognized that flexibility is required in certain situations." Id. The court may grant relief to a mortgagor who can prove that equitable circumstances require withholding of foreclosure or a reduction of the "stated indebtedness." Olean v. Treglia, 190 Conn. 756, 771,463 A.2d 242 (1983).
However, in the present case, the plaintiff is seeking to enforce a lien that arose due to the defendants' failure to pay common monthly charges on a condominium unit. According to General Statutes, Sec. 47-78, "[n]o unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by abandonment of the unit against which the assessments are made, except if every unit owner is so exempted from the payment of all or part of the common expenses." "A statute should be applied as its language directs, Breen v. Department of Liquor Control, 2 Conn. App. 628,631 (1984); and when a statute is clear and unambiguous, the court should not speculate as to some supposed intention. Duguay v. Hopkins, 191 Conn. 222, 228 (1983). The language of section 47-78(b) clearly states that unit owners are liable for common charges." Anchorage Condominium v. Smith,1 CSCR 841, 842 (October 16, 1986, Harrigan, J.). "The obligation to pay validly levied common charges is owed to all the other unit owners, for their mutual good. The defendant's claims are analogous to a taxpayer's refusal to pay his validly levied property tax because his street has not been paved." Id., 843. As in Anchorage, CT Page 2636
 Here, the defendants seek to avoid their fair share of the expenses of the condominium operation because of their alleged grievances. Such action jeopardizes the entire community. If the defendants wish to pursue their grievances against the board, it must be done in a separate action, not by a refusal to pay their common charges which is directed against the other unit owners' health and welfare, all of whom are entitled to having the budget funded by all the unit owners.
 The defendants may have recourse in the bylaws to removing the present board members by recall, they may have recourse to the courts if the board is viewed as acting unreasonably, for the board is the instrumentality and the trustee that must act for the good of the entire community, or they may otherwise challenge the legal basis for the board action or inaction, and class action status could be available. However, they may not address these grievances in this action, for the reasons stated above.
It is found that the court should strike the defendants' special defenses due to the above reasoning and General Statutes, Sec. 47-78.
McGrath, J.