[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION TO STRIKE
The plaintiffs' have filed a motion to strike the second, fifth, eighth and ninth special defenses. The complaint contains three counts, claiming legal malpractice, breach of warranty and breach of contract related to a stipulation for judgment entered into in a case where the plaintiffs in this action were defendants, represented by the defendants in this case.
A motion to strike can be filed to test the legal sufficiency of a special defense. Connecticut Practice Book § 152; Nowakv. Nowak, 175 Conn. 112, 117; Mingachos vs. CBS, Inc., 196 Conn. 91,109. "No facts may be proved under either a general or special defense except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." Connecticut Practice Book § 164. Where a plaintiff denies allegations in a complaint, that party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed facts, but if the party seeks the admission of evidence which is consistent with the plaintiff's case, but which tends to destroy the cause of action, that matter must be affirmatively pleaded as a special defense. Pawlinski v.Allstate Insurance Co., 165 Conn. 1, 6.
The defendant concedes that the motion to strike can be granted as to the ninth special defense. A motion to strike admits all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., supra 108. If the facts provable under the allegations of the special defense support that defense, the motion to strike must fail. Id., 109. The fifth special defense states that recovery of damages by the plaintiff would violate public policy, since persons responsible for negligent and illegal acts should bear the consequences of their own actions and not shift that responsibility onto others. There is no factual basis for the defense. In addition the defendant has failed to identify any legal authority for this vaguely defined public policy defense. The eighth special defense relies upon that part of the Statute of Frauds, § 52-550 of CT Page 5689 the General Statutes which requires an agreement to answer for the debt or default of another person to be in writing. There is an insufficient factual basis pleaded for a statute of frauds defense to the claims raised in the complaint to which the eighth special defense is directed.
The second special defense asserts waiver and/or estoppel in that the plaintiffs voluntarily entered into the stipulated judgment and informed the defendants that they could afford the terms of that judgment. Neither side has located any Connecticut cases which hold whether or not an attorney can avoid a legal malpractice claim by a client on the grounds of waiver or estoppel where the negligence relates to a stipulated judgment entered into during litigation with a third party where the plaintiff was represented by the attorney in the negotiations resulting in the stipulated judgment. Both sides have identified numerous cases under varying fact patterns from other states which have either upheld or rejected the waiver or the estoppel defense. A cursory review of those cases indicates that their outcome turns, at least in part, upon the underlying factual situation confronting the trier. Stated another way, in some situations, depending upon the facts, a waiver or estoppel defense may be valid. If any facts provable under the allegations of the waiver or estoppel defense support a motion to strike the defense must be denied. Mingachos v. CBS, Inc., supra 109.
The motion to strike the second special defense is denied. The motion to strike the fifth, eighth and ninth special defenses is granted.
ROBERT A. FULLER, JUDGE