[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
This is a three count complaint in which William A. Olson alleges that defendant Accessory Equipment and Control Corp. ("ACE") wrongfully or retaliatorily discharged the plaintiff and violated the "Free Speech Act," General Statutes § 31-51q. On June 1, 1994, ACE filed an answer and several special defenses to the plaintiff's complaint.
In its second special defense, ACE alleges that the plaintiff is barred from recovering any damages from ACE because, while the plaintiff was employed by ACE, he wrongfully copied and removed confidential documents from ACE's premises, including documents protected by the attorney-client privilege, and that he showed these documents to third persons and has refused to return these documents.
In ACE's third special defense, it alleges that the plaintiff is barred from recovering any damages from ACE because, while employed by ACE, the plaintiff "wrongfully obtained or withheld" ACE's property, and that he concealed this fact from ACE.
In both special defenses ACE alleges that, had it known of the plaintiff's actions, it would have discharged him, but that it did not learn of these actions until on or about March 8, 1993.
On June 24, 1994, the plaintiff filed this motion to strike ACE's second and third special defenses.
 I.
The plaintiff claims that the second and third special CT Page 12505 defenses are legally insufficient and should be stricken because the after acquired evidence doctrine, relied upon by ACE, has been applied only in employment discrimination cases and is inapplicable in cases involving a common law claim of wrongful termination. The plaintiff further argues that neither the second nor third special defense act to bar the plaintiff's cause of action, but rather, each allows for damages independent of the plaintiff's claims of wrongful discharge, misrepresentation, and infringement of free speech.
The Connecticut Appellate Court recently discussed the after acquired evidence doctrine in a wrongful termination case,Preston v. Phelps Dodge Copper Products Co., 35 Conn. App. 850
(1994). In Preston, the plaintiff prevailed in his claim against his former employer for wrongful termination. On appeal, the defendant claimed that the trial court improperly instructed the jury by refusing to give a requested instruction regarding after-acquired evidence of the plaintiff's on-the-job misconduct.
In holding that the trial court improperly refused to instruct the jury as requested, the appellate court made it clear that such an instruction was relevant only to the issue of future earnings the employee would have earned under the contract, also referred to as "front pay," but not to the basic cause of action for wrongful termination or claim for past damages. The court stated "we conclude that although the poison ivy incident could not have affected the employment relationship at the time of the discharge, and therefore the legality of hat [that] discharge, it could have affected the amount of future wages the plaintiff can recover" id. p. 859.
 II.
The function of a special defense is to allege facts which are consistent with the plaintiff's statement of facts but show, notwithstanding, that he has no cause of action. Practice Book § 164. See Pawlinski v. Allstate Insurance Company, 165 Conn. 1, 7
(1973) (where a party "seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense.") Bennett v.Automobile Ins. Co. of Hartford, 230 Conn. 795 (1994) "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of CT Page 12506 action." Commissioner of Environmental Protection v. National CanCorporation, 1 Conn. L. Rptr. 272 (February 9, 1990, Corrigan, J.) ("The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action.").
Since in the context of a wrongful termination case, after-acquired evidence is relevant only in the determination of whether the plaintiff is entitled to compensation for loss of future wages, the second and third special defenses do not contain factual allegations that show that plaintiff has no cause of action, the plaintiff's motion to strike ACE's second and third special defenses is granted.
Wagner, J.