[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO STRIKE FIRST SPECIAL DEFENSE
This amended two count complaint against the defendant, manufacturer Anderson Desk, Inc. brought as a product liability action under General Statutes § 52-572m, arises out of an accident in which the plaintiff allegedly sustained serious personal injuries when the office chair in which he was sitting collapsed, causing him to fall and strike his head on the floor. On May 14, 1997, the defendant filed an answer and two special defenses; the first alleging negligence on the part of the plaintiff for which any damages recoverable by Plaintiff should be proportionately diminished; the second alleging assumption of risk. The second special defense is in the process of being amended and is not addressed at this time.
— I —
General Statutes § 52-572o(a) provides in relevant part that: "In any [product liability] claim . . . the comparative responsibility of, or attributed to, the claimant, shall not bar recovery but shall diminish the award of compensatory damages proportionately . . . ." General Statutes § 52-5721 provides in relevant part that: "In causes of action based on strict tort liability, contributory negligence or comparative negligence shall not be a bar to recovery." If the first special defense is read as being a claim of contributory negligence or comparative negligence within the meaning of General Statutes §52-572h(b) it would plainly be inappropriate because its application could bar a product liability claim in contravention of General Statutes § 52-572o(a). Khongdy v.Die-Quip Corp., Superior Court, Judicial District of New Haven at Meriden, Docket No. 244695 (May 20, 1996, Silbert, J.); Sterling v. Vesper Corp., Superior Court, Judicial District of Litchfield, Docket No. 60771 (August 30, 1993, Pickett, J.) (10 Conn. L. Rptr. 58, 59); Greenwood v.Eastman Kodak Co., Superior Court judicial district of Hartford/New Britain at Hartford, Docket No. CV92 0452919S (March 25, 1994 Lavine, J.); see also, Norrie v. Heil Co.,
supra, 203 Conn. 599, 600 (1987).
— II —
Defendant does not claim to invoke the statutory comparative negligence defense but argues that it is entitled to have the damages assessed against it CT Page 8640 proportionally reduced by the plaintiff's comparative responsibility. Indeed, that is what the statute provides. It does not follow, however, that the defendant has the right to assert this claim in the pleadings by a special defense.
Practice Book § 164 limits a special defense to "facts which are consistent with plaintiff's allegations" but show, notwithstanding that he has no cause of action.
Defendant makes no claim that its special defense is intended to show that plaintiff has no cause of action. Indeed it does not invoke General Statutes § 52-572 either by specific reference or by using statutory phraseology. Defendant seeks rather to preserve its right to introduce evidence of plaintiff's negligence in order to receive the benefits of proportional diminution of any damages forced to be sustained by plaintiff. Defendant is concerned that failure to claim such right would result in this court's failure to permit evidence of plaintiff's negligence.
Defendant's concern is not justified because its right to introduce such evidence stems from General Statutes § 52-570o(a) which requires consideration of plaintiff's negligence, and its right to introduce such evidence is sufficiently preserved by a general denial.
"The distinction between matters which may be proved under a general denial and matters constituting special defenses, which must be specially pleaded, was enunciated inPawlinski v. Allstate Ins. Co., 165 Conn. 1 (1973), where this court observed (p. 6) that `[t]he issues to be tried may be framed in several ways. A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed fact . . . . If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense.'" Bernier v. National FenceCo., supra, 176 Conn. 629 (1979).
In Khongdy v. Die-Quip Corporation, supra, a product liability case, Judge Silbert struck a special defense CT Page 8641 almost identical to the first special defense in this case.
Motion to strike first special defense granted.
Jerry Wagner Judge Trial Referee