[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
The plaintiff is Sun Company, Inc. The defendants are Gregg Todd, Inc., Christopher Todd Cucchi, Mary Ellen Cucchi and Gregory G. Hohmann.
The defendants have filed five special defenses to the plaintiff's amended complaint. Greg Todd, Inc. (GTI) has filed a counterclaim against the plaintiff.
The plaintiff has filed a motion to strike the five special defenses and the counterclaim. Each party has filed appropriate memoranda in support of its position.
The basis of the plaintiff's motion to strike the special defenses is that they consist solely of legal conclusions with no supporting factual allegations in violation of the fact-pleading requirements. As to the counterclaim the plaintiff alleges (1) that it is based on the erroneous premise that the defendant had the legal right to summarily terminate the franchise agreement between Sun and GTI and (2) it is premised on the existence of a legal duty that does not exist.
The defendants maintain that their special defenses contain CT Page 11939 statements of fact sufficient to withstand a motion to strike. As to the counterclaim the defendant maintains that the pleading contains sufficient facts to support a cognizable cause of action and that a proper interpretation of the Agreement which is incorporated in the plaintiff's complaint supports the defendant's allegation in its counterclaim and provides a cause of action.
"Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved . . ." P.B. Sec. 10-1
"Acts and contracts may be stated according to their legal effect, . . ." P.B. Sec. 10-2.
The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action.Commission of Environmental Protection v. National Car Corp. , 1 CONN. L. RPTR. 272, 5 C.S.C.R. 173, 2-9-90, Corrigan, J.;Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7.
"Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading the party desiring any such amendment may file a timely request to revise that pleading." P.B. 10-35. "Whenever any party files any request to revise or any subsequent motion or pleading in the sequence provided in Sections 10-6 and 10-7 that party thereby waives any right to seek any further pleading revisions which that party might then have requested." P.B. 10-38.
The defendants in their first, second and third special defenses have failed to plead any facts on which they rely as mandated by P.B. 10-1.
The fact that in a special defense one must plead facts which are consistent with the allegations of the complaint does not relieve the defendants of the duty of providing the plaintiff with a plain and concise statement of the material facts on which they rely. It does not enable the defendants to incorporate the factual claims of the plaintiff without stating them as claimed by the defendants in citing the National Car case (supra). ScanAssociates, Inc. v. Civitello Building Co., Inc., 10 CONN. L. RPTR. 646 (1994), cited by the plaintiff is readily distinguishable from this case. In that case the conclusory statement in the special defense amounted to a motion to strike. That is not the case CT Page 11940 here.
In the first special defenses no information is provided as to what actions or lack thereof the defendants rely on. The same is true of the second special defense and in the third there is no information as to how the plaintiff waived its rights.
The motion to strike the first, second and third special defenses is granted.
In the opinion of the court the defendants have provided sufficient facts to substantiate a cognizable cause of action in the fourth and fifth special defenses. Although the plaintiff might have sought more complete information in a request to revise it has lost that right. As to these the motion to strike is denied.
As to the motion to strike the counterclaim the plaintiff begs the question.
The agreements are included in the pleadings; the defendant has a right to state acts and contracts by their legal effect and the defendant has informed the plaintiff of its intention to seek damages based upon the contracts and the party's rights under them. It is for the trial court upon receipt of evidence to decide the issues raised by the defendant in the counterclaim.
The motion to strike the counterclaim is denied.
Hale, J.