ROBIN MULCAHY *v.* GARY E. HARTELL
(AC 33381)

Gruendel, Beach and Robinson, Js.

Argued October 18, 2012—officially released January 29, 2013

*Anthony J. Natale*, with whom, on the brief, were *Brian L. Wolinetz* and *Shannon N. Butler*, for the appellant (plaintiff).

*Beverly S. Knapp*, with whom, on the brief, was *Craig A. Fontaine,* for the appellee (defendant).

*Opinion*

BEACH, J. The dispositive issue in this appeal is whether evidence of a plaintiff's posttreatment conduct may be offered by a defendant under a general denial for the purpose of showing that the plaintiff's conduct was the sole proximate cause of her injuries. Because the defendant, Gary E. Hartell, D.C., proceeded under a general denial, and did not plead comparative negligence as a special defense, the plaintiff, Robin Mulcahy, claims that the defendant was precluded from offering any evidence demonstrating that the plaintiff's own conduct caused her injuries. We disagree and, accordingly, affirm the judgment of the trial court.

This medical malpractice action arises out of a bacterial infection that the plaintiff developed after obtaining acupuncture treatment from the defendant on October 11, 2007. At the time, the plaintiff was being treated for breast cancer and was experiencing neuropathy.[1] She sought acupuncture from the defendant, a licensed chiropractor, in the hope of alleviating severe pain that she was experiencing in her legs. Part of the acupuncture regimen involved inserting a needle into the plaintiff's glabella, the region between the eyebrows and above the nose. The plaintiff subsequently developed cellulitis[2] in that region; as a result of the infection, she was hospitalized and needed intravenous antibiotic treatments.[3] The treatments prevented the infection from

---

[1] Neuropathy is "a disease involving the cranial nerves or the peripheral or automatic nervous system." Stedman's Medical Dictionary (27th Ed. 2000).

[2] Cellulitis is a bacterial skin infection that occurs in the subcutaneous tissue or the dermis, which results in inflammation.

[3] According to the plaintiff's expert witness, Richard Quintiliani, a physician who specializes in antibiotic therapy, the proximity of the plaintiff's cellulitis to her eye presented the risk of retinal orbital cellulitis, which can spread to the brain or result in meningitis.

spreading to the plaintiff's brain, but she experienced permanent scarring in the affected region.

The plaintiff commenced this medical malpractice action against the defendant, alleging that he was negligent in several respects. First, the plaintiff alleged that the defendant failed to utilize "clean needle techniques,"[4] which failure led to the introduction of bacteria into the wounds caused by the acupuncture needles. The plaintiff also alleged that the defendant failed to apprise her adequately, prior to her treatment, of the heightened risk of infection due to the compromised state of her immune system. Accordingly, the plaintiff claimed that the defendant had not obtained her informed consent to undergo the procedure. Moreover, she alleged that the defendant himself failed to appreciate the potential complications attendant to the plaintiff's cancer treatments. The defendant filed an answer to the complaint on April 1, 2009; the defendant denied the plaintiff's claims of malpractice, but did not assert any special defenses.

Before trial, the plaintiff filed a motion in limine seeking to preclude evidence of her posttreatment conduct on the ground that the defendant had not pleaded comparative negligence or contributory negligence pursuant to Practice Book § 10-53. The defendant sought to introduce evidence of "an alternative theory of causation"—that is, that the plaintiff's cellulitis was not caused by the defendant's failure to observe clean needle techniques, but rather by the plaintiff's wiping the wound with an unsterile item, such as her hand or a discarded tissue in her car, following the procedure. The defendant asserted that the purpose of this evidence was not to establish that the plaintiff was comparatively negligent; instead, it was to show that "[the

---

[4] Quintiliani testified that clean needle technique is the process of preparing an area of the skin that will be punctured by, for example, a needle or catheter, to reduce the prevalence of bacteria and, therefore, the risk of infection.

defendant's] actions did not cause the plaintiff's injuries." The defendant argued that "[i]t is beyond dispute that a defendant may offer proof of an alternative cause [of injury] under a denial of the plaintiff's allegation of causation."

The plaintiff argued that any such evidence should be precluded because the defendant had not asserted comparative negligence or contributory negligence pursuant to Practice Book § 10-53 as a special defense. See General Statutes § 52-114 ("[i]f contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant . . . and the burden of proving such contributory negligence shall rest upon the defendant"); Practice Book § 10-53 ("[i]f contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant"); see also General Statutes § 52-572h (regarding procedures established for determining comparative negligence). Moreover, the plaintiff suggested the defendant improperly was attempting to introduce evidence of comparative negligence without carrying the burden of proof associated with raising such a defense. The plaintiff stated that her position in this regard was supported by this court's decision in *Forrestt* v. *Koch*, 122 Conn. App. 99, 996 A.2d 1236 (2010).

The trial court, *Peck, J.,* agreed with the defendant and denied the plaintiff's motion. The court held that the defendant was entitled to present evidence that the sole proximate cause of the plaintiff's injury was something other than the defendant's conduct. Although the court acknowledged that "there is a fine line . . . between contributory negligence and a general denial," it found that "the focus of the defense is on the issue of causation . . . ."

Consequently, at trial, the defendant presented expert testimony from Gary Schleiter, a physician who specialized in internal medicine and infectious disease, that

the plaintiff's cellulitis was caused by the plaintiff's wiping of her skin with an unwashed hand or unsterile object in her car after the acupuncture treatment. During closing argument, the defendant urged that the plaintiff's cellulitis was caused by bacteria that she herself introduced when she wiped her forehead in her car.

In accordance with its ruling on the motion in limine, the court instructed the jury that "the defendant takes the position that it was the plaintiff's own conduct in wiping her forehead in her car after leaving the office of [the defendant] that caused her cellulitis. [The defendant] cannot be held liable if [the plaintiff's] injuries were caused solely by this act, an act over which [the defendant] had no control; therefore if you find that this factor was the sole proximate cause of the plaintiff's injuries and that any negligence on the part of [the defendant] was trivial or inconsequential then you must return a verdict for the defendant."

The jury found that the defendant violated the relevant standard of care by failing to observe clean needle techniques, specifically by neglecting to swab properly the area of needle insertion in the plaintiff's glabella with an alcohol wipe. The jury did not find, however, that this violation caused the plaintiff's injury.[5] This appeal followed.

On appeal, the plaintiff claims that the court erred in denying her motion in limine seeking to preclude evidence of her posttreatment conduct. Such evidence, the plaintiff claims, could have been properly introduced only if the defendant had pleaded the special defense of comparative negligence or contributory negligence pursuant to § 52-114 and Practice Book § 10-53.

---

[5] As to the informed consent claims, the jury found that the defendant had failed to disclose a known material risk of acupuncture, but that a reasonable person in the plaintiff's position, if advised of such a risk, still would have proceeded with the treatment.

Accordingly, the plaintiff continues, it was error for the jury to have been instructed that it could find that the defendant was not liable for the plaintiff's injuries if it found that her own actions were their singular cause.[6] We disagree.

The decisive issue is the distinction between cases in which the defendant asserts that the plaintiff has been comparatively negligent, and thus the defendant's conduct could also be a proximate cause, and those cases in which the defendant claims that his conduct did not cause the plaintiff's injuries at all. An assertion of comparative negligence is consistent with the plaintiff's rendition of the facts, and therefore must be raised as a special defense. On the other hand, the claim that an actor other than the defendant caused the plaintiff's injuries is inconsistent with a prima facie negligence case, and, thus, can be pursued under a general denial. The essence of the defense at issue in the present case was that the plaintiff was entirely responsible for her injuries; therefore, the court correctly admitted it without the assertion of a special defense.

---

[6] The defendant preliminarily asserts that review of the plaintiff's claims is precluded by the general verdict rule. We disagree. "In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellant seeks to have adjudicated." *Curry* v. *Burns*, 225 Conn. 782, 790, 626 A.2d 719 (1993). Here, the defendant claims that it is impossible to know whether the jury decided the causation issue in his favor because the plaintiff failed to prove by a preponderance of the evidence that the defendant's breach of the standard of care was the legal cause of the plaintiff's injury or, alternatively, because the plaintiff's conduct was the sole proximate cause of her injury. The general verdict rule, however, does not apply "to [various] grounds advanced to defeat the claimed cause of action which are admissible under mere denials of facts alleged in the complaint." (Internal quotation marks omitted.) Id., 796. The rule does apply when the defendant denies the allegations in the complaint *and* asserts a special defense. See id.; see also *Tetreault* v. *Eslick*, 271 Conn. 466, 473, 857 A.2d 888 (2004) (applying general verdict rule where defendants denied allegations of complaint and asserted special defense of superseding cause). Because, as we explain, the defense asserted here was admissible under a general denial, the general verdict rule is not implicated.

"The scope of our appellate review depends [on] the proper characterization of the rulings made by the trial court." (Internal quotation marks omitted.) *Archambault* v. *Soneco/Northeastern, Inc.*, 287 Conn. 20, 31–32, 946 A.2d 839 (2008). In the present case, we must decide whether the court applied the correct legal standard in determining that the defendant was permitted to establish that the plaintiff's conduct was the sole proximate cause of her injuries. Our review therefore is plenary. See id., 32.

"The distinction between matters which may be proved under a general denial and matters constituting special defenses, which must be specifically pleaded, was enunciated in *Pawlinski* v. *Allstate Ins. Co.*, 165 Conn. 1, 327 A.2d 583 (1973), where [our Supreme Court] observed . . . that the issues to be tried may be framed in several ways. A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed fact. . . . If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the new matter must be affirmatively pleaded as a special defense." (Citations omitted; internal quotation marks omitted.) *Bernier* v. *National Fence Co.*, 176 Conn. 622, 629, 410 A.2d 1007 (1979). "[T]he purpose and history of the special defense rule . . . helps to clarify its effect. The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until the trial is under way." (Internal quotation marks omitted.) *Pawlinski* v. *Allstate Ins. Co.*, supra, 6.

Causation is an element of a cause of action in negligence. *Archambault* v. *Soneco/Northeastern, Inc.*, supra, 287 Conn. 32. "[A] plaintiff must establish that

the defendant's conduct legally caused the injuries, that is, that the conduct both caused the injury in fact and proximately caused the injury. . . . The test of proximate cause is whether the defendant's conduct is a substantial factor in producing the plaintiff's injury. The substantial factor test asks . . . whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." (Internal quotation marks omitted.) Id., 32–33.

Evidence that an actor other than the defendant was the sole proximate cause of the plaintiff's injuries constitutes a factual scenario "inconsistent with the plaintiff's allegation that the proximate cause of the injuries to the [plaintiff] . . . was the negligence, whether sole or concurrent, of the defendant." *Bernier* v. *National Fence Co.*, supra, 176 Conn. 630. Therefore, such evidence properly is admitted pursuant to a general denial. Id.

In situations in which the defendant attempts to show that the plaintiff was the sole proximate cause of his injury, "there is neither need nor room for the doctrine of contributory negligence. . . . Contributory negligence is *never* properly invoked when the plaintiff's negligence alone causes the damage but only when the negligence of both the plaintiff and the defendant are contributing proximate causes of it." (Emphasis in original.) 4 F. Harper et al., Torts (3d Ed. 2006) § 22.2, pp. 334–35; cf. *Wagner* v. *Clark Equipment Co.*, 243 Conn. 168, 184, 700 A.2d 38 (1997) ("[c]omparative responsibility does not come into play . . . unless the defendant is found to have proximately caused [at least in part] the plaintiff's injuries").

Thus, the defendant was entitled, under a general denial, to present evidence that the plaintiff caused her own injuries, because this defense constitutes a set of facts inconsistent with the defendant's liability. See

*Bernier* v. *National Fence Co.*, supra, 176 Conn. 629. Put another way, the defendant did not present evidence that was consistent with the allegations in the complaint, but would nonetheless defeat the plaintiff's personal injury claim. Therefore, there was no danger that such a defense would "ambush" the plaintiff at trial.[7]

The plaintiff's suggestion that the defendant was scheming to avoid the burden of proof associated with a comparative negligence claim is without merit. This contention overlooks the fact that "[c]ontributory negligence is *never* properly invoked when the plaintiff's negligence alone causes the damage . . . ." (Emphasis in original.) 4 F. Harper et al., supra, § 22.2, p. 335. Because the defendant was not attempting to demonstrate that both he and the plaintiff concurrently caused the plaintiff's injury, he simply was not making a comparative negligence claim. Accordingly, there was no need for him to assert this special defense.[8]

The plaintiff attempts to distinguish the rule enunciated in *Bernier*, which clearly allows a defendant to contest the issue of causation under a general denial, by drawing a distinction between third parties and plaintiffs. The plaintiff concedes that it is proper, under a general denial, for the defendant in a personal injury case to attempt to show that a third party is the sole proximate cause of the plaintiff's injuries, in order to negate its own negligence. She nonetheless argues that the same defense strategy is improper when it is the

[7] Our discovery procedures are helpful in this regard. In the present case, for example, the plaintiff knew the defendant's position prior to trial. She filed a motion in limine and did not object on a ground of nondisclosure.

[8] Moreover, the court's jury instructions on causation made it clear that comparative negligence was not at issue. The court explained that in order to accept the defendant's sole proximate cause theory, it must find that the plaintiff's conduct "contribute[d] so powerfully to the production of [her] injury as to make the defendant's negligent contribution to the injury merely trivial or inconsequential . . . ."

plaintiff that the defendant asserts is solely responsible for the injury. This is a distinction in search of a difference. The test for whether evidence is admissible pursuant to a general denial is whether it is consistent, or not, with a prima facie cause of action. See *Bernier* v. *National Fence Co.*, supra, 176 Conn. 629. This analysis does not turn on whether the inconsistent factual scenario asserted by the defendant involves the conduct of the plaintiff instead of a third party. The plaintiff additionally states that allowing a defendant to assert that the plaintiff was the sole proximate cause of the plaintiff's own injuries would "effectively eviscerate the requirement to specifically plead comparative negligence . . . ." But, again, this contention misses the distinction between comparative negligence, which is consistent with a prima facie personal injury claim and therefore requires notice to the plaintiff, and the assertion that the plaintiff was solely responsible for her own injuries, which does not.

Finally, the plaintiff's reliance on *Forrestt* v. *Koch*, supra, 122 Conn. App. 99, is misplaced. In *Forrestt*, the plaintiffs sued an ophthalmologist and laser vision center for injuries the patient sustained following LASIK surgery. Id., 103. The defendants asserted as a special defense that the patient was comparatively negligent, in that, among other things, he failed to seek recommended medical treatment immediately after his post-treatment complications became apparent. Id. The defendants withdrew this special defense before closing arguments. Id., 103–104. Despite abandoning the comparative negligence defense, during closing argument, the defendants' counsel persisted in attempting to shift some of the blame for the patient's injuries to decisions he made after his injuries became manifest. See id., 104–105 (The defendants' counsel argued before the jury, "[W]e don't criticize [the patient for his decisions]. We just say, don't criticize us . . . ." [Internal quotation

marks omitted.]). This court held that "the remarks of the defendants' counsel during closing argument were improper. The defendants had withdrawn their comparative negligence defense that would have permitted the jury to consider the relative contributory negligence of the parties and determine whether the plaintiffs' recovery should be either barred or diminished. . . . The repeated remarks of the defendants' counsel concerning [the patient's] decisions . . . allowed the defendants to insinuate [the patient's] negligence after having been relieved of the burden of proving as much by a preponderance of the evidence." Id., 109–10.

*Forrestt* is inapposite: it dealt with a defendant's attorney's attempt to imply, during closing argument, that a plaintiff was comparatively negligent after this special defense had been withdrawn and where the issues were framed such that the plaintiff's decisions had no bearing on the case. *Forrestt* says nothing about the decisive issue here, that is, whether a defendant may attempt to demonstrate that the plaintiff was the sole proximate cause of her own injuries, following a general denial.

The judgment is affirmed.

In this opinion the other judges concurred.