[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE THIRD SPECIALDEFENSE
Factual Background
The plaintiff, Donna Condon, filed an amended single count complaint, dated June 2, 1993, alleging that the defendant, Berlin Steel Construction Company, the former employer of the plaintiff, discharged the plaintiff on March 28, 1992, in violation of General Statutes §§ 31-290, 31-290a(a), and 31-290a(b).[1] The original complaint was filed on January 5, 1993. The plaintiff alleges that she was injured on September 18, 1991, in the course of her employment with the defendant. The complaint further states that as a result of her injury, the plaintiff was entitled to coverage CT Page 7992 of benefits under the Workers' Compensation Act.
On January 12, 1994, the defendant filed an answer, three special defenses and a counterclaim in response to the amended complaint. The first special defense states that the plaintiff was not discharged by the defendant, but was instead laid off due to a reduction in the work force. The second special defense seeks a set off against any damages owed by the plaintiff to the defendant.
In the third special defense, the defendant alleges the following facts: the plaintiff was hired as an ironworker by the defendant on August 25, 1991; on June 5, 1986, the plaintiff had suffered a work related injury to her back and had been advised that she should not work as an ironworker due to her injury; prior to the plaintiff's employment with the defendant, the plaintiff had been determined to have been disabled from work as an ironworker; on October 2, 1987, the plaintiff had entered into a stipulation with her prior employer for $30,000.00 in settlement of her claim for worker's compensation benefits for her June 5, 1986 injury.
The defendant alleges that the plaintiff denied the above stated facts regarding her physical disabilities and workers' compensation benefits on her application form for employment with the defendant. The third special defense further alleges that the application form included the following provision: "The information provided by me in this Application For Employment is true and complete. I understand that if I am employed, misrepresentation or any false statements maybe cause for dismissal." By virtue of the alleged false statements provided by the plaintiff in her employment application, the third special defense claims that the plaintiff is not entitled to reinstatement.
The plaintiff filed an amended motion to strike the second special defense, dated March 1, 1994. The court, Hadden, J., granted the motion on March 16, 1994. The defendant filed an amended answer, special defenses and counterclaim, dated May 3, 1994, reflecting the court's ruling striking the second special defense.
Thereafter, the plaintiff filed a motion to strike the third special defense, dated May 17, 1994, and a supporting memorandum of law. On May 20, 1994, the defendant filed an objection to the plaintiff's motion to strike. The court heard arguments on the motion to strike the third special defense at short calendar on June 7, 1994. CT Page 7993
LEGAL DISCUSSION
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 91
(1985). A motion to strike "can be filed to contest the legal sufficiency of any answer . . . including any special defense." YaleUniversity School of Medicine v. Wurtzel, 3 Conn. L. Rptr. 520, 520-21 (April 9, 1991, Mihalakos, J.). "A motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "Practice Book § 154 . . . requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency."Blancato v. Feldspar Corp. , 203 Conn. 34, 36, 522 A.2d 1235 (1987). "Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." (Citation omitted; internal quotation marks omitted.) Id., 36-37.
In its motion to strike, the plaintiff asserts that the allegations of the third special defense are not sufficient to state a special defense of fraud in the inducement. Specifically, the plaintiff argues that the third special defense omits allegations of a knowing misrepresentation, reliance upon the misrepresentation and damage.
The defendant objects to the motion to strike on four independent grounds. First, the defendant claims that pursuant to an order by Judge Gray on May 2, 1994, the plaintiff was not permitted to file the motion to strike the third special defense.[2]
Second, the defendant argues that by virtue of the filing of the motion to strike the second special defense, the plaintiff waived her right to move to strike the third special defense. Third, the defendant asserts that the motion to strike fails to comply with Practice Book § 154, which requires that a motion to strike based on a legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency.[3]
Finally, the defendant addresses the merits of the third special defense. The defendant argues that the third special defense alleges that the plaintiff's false statements and omissions in her employment application serve as an independent basis for the defendant's termination of the plaintiff's employment. In CT Page 7994 particular, the defendant alleges that the plaintiff made various statements on the application which she affirmed as being true and complete; that such statements were false when made; and that the plaintiff agreed in the application that any false statements or misrepresentation may be cause for dismissal. Accordingly, the defendant contends that the third special defense is in compliance with Practice Book § 164 and thus the motion to strike should be denied.
1. Waiver of the right to move to strike
In BRT Corp. v. New England Masonry Co., 5 Conn. L. Rptr. 205
(October 25, 1991, Pickett, J.), the court granted the defendant's motion to strike part of the plaintiff's complaint and the plaintiff filed a substituted complaint in compliance with the court's ruling on the motion to strike. Thereafter, the defendant filed a motion to strike part of the substituted complaint on a ground not raised in the first motion to strike. The plaintiff attacked the second motion to strike on the ground that the count that the defendant moved to strike in the second motion was present when the defendant filed the first motion to strike. The plaintiff argued that the defendant had waived its right to assert this ground.
The court in BRT Corp. v. New England Masonry Co. rejected the plaintiff's argument and held that the substituted complaint filed by the plaintiff became the controlling pleading, thereby removing the prior complaint from the case. "[T]he [second] motion to strike is properly filed, as the filing of the substituted complaint . . . triggered a new beginning to the order of the pleadings as set forth in Practice Book § 112." Id, 206.
In the present case, the defendant filed new special defenses, dated May 3, 1994, following the court's granting of the motion to strike the second special defense. The first and third special defenses dated May 3, 1994 are identical to the first and third special defenses dated January 12, 1994. The May 3, 1994, special defenses "triggered a new beginning to the order of the pleadings" and thus the motion to strike the third special defense, dated May 17, 1994, procedurally is proper.
2. Third special defense
"The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, CT Page 7995 notwithstanding, that the plaintiff has no cause of action. P.B. 164; Pawlinski v. Allstate Ins., Co., 165 Conn. 1, 7."Commissioner of Environmental Protection v. National Can Corp. ,1 Conn. L. Rptr. 272 (February 9, 1990, Corrigan, J.). Here, the plaintiff moves to strike the third special defense solely on the ground that the third special defense fails to contain all of the elements of the defense of fraud. However, the third special defense does not allege fraud, but alleges an independent basis for the plaintiff's termination due to false statements and omissions in her employment application. Accordingly, the motion to strike the third special defense must be denied.
CONCLUSION
Based on the foregoing, the Plaintiff's Motion to Strike (#151) is denied.
So ordered.
Michael Hartmere, Judge